IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR- 60,478-01




 

 
 EX PARTE GERALD CORNELIUS ELDRIDGE






HABEAS CORPUS APPLICATION


 FROM HARRIS COUNTY 




Per Curiam.




O R D E R



 This is a subsequent application for writ of habeas corpus seeking relief under the provisions
of Texas Code of Criminal Procedure, Article 11.071 § 5.

 On April 18, 1994, a jury, having convicted applicant of capital murder, answered the special
issues in such a manner that the trial court imposed a sentence of death. This Court affirmed the
conviction and sentence on direct appeal. Eldridge v. State, 940 S.W.2d 646 (Tex.Crim.App. 1996). 
On March 30, 1998, applicant filed his initial application for writ of habeas corpus, which is still
pending in the convicting court. On June 20, 2003, applicant filed this subsequent application 





 Eldridge -2-

referring to it as "Supplemental Writ of Habeas Corpus." The convicting court forwarded this
subsequent application to this Court on July 13, 2004.

 Article11.071, § 5(f), directs that an untimely amendment or supplement to a timely filed
application will be treated as a subsequent application under Article 11.071, § 5. This is such a
subsequent application.

 In June 2002, the Supreme Court of the United States delivered its opinion in Atkins v.
Virginia, 122 S.Ct 2242 (2002), announcing that the execution of some mentally retarded defendants
offends the constitution. Atkins created a legal basis for a claim which was not available at the time
of applicant's initial application for habeas relief. This Court has established the threshold to present
a prima facie case for consideration of an "Atkins claim" in a subsequent application for writ of
habeas corpus under Article 11.071 § 5(a). Ex parte Briseno, 135 S.W.3d 1 (Tex.Crim.App. 2004).

 We have reviewed the facts applicant presents in his "Atkins claim" and find that, even if they
were true, he has not established a prima facie claim as set forth by this Court in Briseno. Having
failed to satisfy the requirements of Briseno and Article 11.071, § 5, for consideration of this
subsequent claim, applicant's subsequent application is dismissed, and no action will be taken to
consider the merits of the claim.

 IT IS SO ORDERED THIS THE 9TH DAY OF FEBRUARY, 2005.

Do Not Publish